NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT NANCE, on behalf of themselves, all others similarly situated, and the general public and FREDERICK FREEDMAN, on behalf of themselves, all others similarly situated, and the general public, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MAY TRUCKING COMPANY, an Idaho corporation and DOES, 1 through 100 inclusive, <br><br> Defendants-Appellees. | No.   14-35640 <br><br> D.C. No. 3:12-cv-01655-HZ <br><br> MEMORANDUM * |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted March 9, 2017
Portland, Oregon

Before:  O'SCANNLAIN, FISHER, and FRIEDLAND, Circuit Judges.

Scott Nance and Frederick Freedman alleged that their former employer,

May Trucking Company, violated the Fair Labor Standards Act (FLSA) and

Oregon wage and hour laws.  Their claims addressed three of May's policies:

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(1) its policy not to pay job applicants for their time during a mandatory, three-day, orientation program; (2) its pay policy during the first few weeks of employment for entry-level drivers; and (3) its policy to make deductions from drivers' paychecks for fuel costs from excess engine idling.

The district court certified class or representative claims for the first two policies listed above, but not the third, which Freedman then continued to challenge individually. On cross-motions, the district court then granted partial summary judgment to May on the certified claims. After a one-day bench trial, the district court awarded $200 in damages to Freedman on his individual claim, refused to impose a statutory penalty for willful withholding of wages, denied reconsideration of its decision on class certification, and entered judgment.

Nance and Freedman appeal the judgment, the order denying reconsideration, the post-trial findings of fact and conclusions of law, and the intermediate orders to the extent they were decided in May's favor. We remand one claim for the district court to address in the first instance but otherwise affirm.

## I.    Orientation Program

The district court held that drivers who attend orientation at May Trucking are not "employees" under the FLSA and Oregon law, so May was not required to pay them for attending the orientation. Reviewing the matter de novo, *see Williams v. Strickland*, 87 F.3d 1064, 1066 (9th Cir. 1996), we agree with the

district court's decision, but affirm on somewhat different grounds, *see Albertson's, Inc. v. United Food & Commercial Workers Union, AFL-CIO & CLC*, 157 F.3d 758, 760 & n.2 (9th Cir. 1998).

The FLSA requires employers to pay their employees a minimum wage. *See* 29 U.S.C. § 206(a)(1). "Employ" means "to suffer or permit to work." *Id.* § 203(g). Oregon has adopted the same definition for purposes of its own minimum wage laws. *Dinicola v. State, Dep't of Revenue*, 268 P.3d 632, 642 (Or. Ct. App. 2011) (citing Or. Rev. Stat. § 653.010(2)). "The test of employment under [this definition] is one of economic reality." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985) (citation and quotation marks omitted).

The undisputed evidence shows that May's orientation program is a job application process, albeit a lengthy one: Drivers attend the three-day orientation without expectation of pay other than travel and lodging expenses and drivers are not guaranteed work upon completion of the program. During the first day, applicants complete driving and skills tests. During the second and third days, applicants complete tax and administrative paperwork in a classroom setting, and May additionally assures itself that applicants understand and will comply with its safety policies and regulatory standards if hired. The orientation is May's method for ascertaining its drivers' training and abilities, and not all participants are hired upon the orientation's completion. Orientation attendees are therefore not

3

"employees" under the FLSA or Oregon law, and we affirm in this respect.

## II. Entry-Level Drivers Program

May requires entry-level drivers to ride along with experienced drivers for the first few weeks of their employment. Some of the entry-level drivers' time is spent in the sleeper berth of a moving truck, and the drivers argue they are entitled to compensation for this time—though they are permitted to spend it as they please, including by sleeping. The district court granted summary judgment to May on this question.

Reviewing de novo, *see Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 355 (9th Cir. 1992), we affirm because the district court properly relied on the persuasive authority of federal and state regulations saying drivers are not entitled to compensation for time they are permitted to sleep in the berths of moving trucks. *See Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 940 & n.17 (9th Cir. 2004) (taking guidance from the most relevant regulations promulgated by the U.S. Department of Labor); 29 C.F.R. § 785.41 (providing that that a truck driver "or an employee who is required to ride therein as an assistant or helper" is "working" while he rides along in the truck, but not "when he is permitted to sleep in adequate facilities furnished by the employer."); Or. Admin. R. 839-020-0045(7) (creating a similar rule for Oregon law).

It is unclear, however, whether the district court considered Plaintiffs' claim

4

that May paid entry-level drivers less than a minimum wage *before April 2011*.
*See* Third Am. Compl. ¶¶ 16, 19, 21, 41–52, *Nance v. MTC Co.*, No. 3:12-cv-01655 (D. Or. Apr. 5, 2013), ECF No. 80.  We vacate the judgment in part and remand for the district court to consider in the first instance whether Nance and Freedman preserved arguments based on this claim in their district court briefing, and, if they did, for further proceedings on this claim.  *See, e.g.*, Pls.' Opp'n Summ. J. 12–13 & n.5, *Nance v. MTC Co.*, No. 3:12-cv-01655 (D. Or. Oct. 15, 2013), ECF No. 120.

## III.    Deductions for Excess Engine Idling

In an effort to reduce fuel costs and pollution, May sets limits for how long a truck's engine would normally be idling as a percent of total running time.  May paid its drivers extra if their trucks idled less than these limits and made deductions if idling times exceeded the limits.  The district court denied class certification of a claim that this policy violated Oregon laws against wage deductions and denied a motion to reconsider.

"We review a district court's denial of class certification for abuse of discretion."  *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1171 (9th Cir. 2010).  The district court's related factual findings are reviewed for clear error.  *Id.* at 1171–72.  We also review the order denying reconsideration for abuse of

discretion. *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012). We affirm both decisions.

Nance and Freedman sought certification under Rule 23(b)(3), which required them to show, among other things, that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

Oregon law prohibits an employer from making deductions from its employees' wages unless, among other requirements, the deductions are for the employees' benefit. *See* Or. Rev. Stat. 652.610(3)(b). To establish liability, each driver here would therefore need to show that any deductions were not for his own benefit. No evidence contradicts the district court's finding that drivers sometimes idle trucks for their own benefit. The district court therefore did not err by concluding that if class certification were granted, it "would need to examine why each driver incurred charges for additional idling time." This individual inquiry defeats Plaintiffs' argument that a common question predominates, and thus we affirm both the order denying class certification and the order denying reconsideration.

## IV. Willful Withholding of Wages

After trial, the district court awarded Freedman damages for impermissible wage deductions, but it found that May was unaware of the shortfall. It therefore

6

held that May had not withheld Freedman's pay willfully and denied his request for a statutory penalty under Oregon Revised Statutes section 652.150(1).

This court reviews the district court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Civ. P. 52(a); *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011). "Mixed questions of law and fact are also reviewed de novo." *OneBeacon*, 634 F.3d at 1096.

The district court's factual finding does not contradict the trial record, and we find no error in the district court's application of the relevant Oregon case law. *See, e.g.*, *Wilson v. Smurfit Newsprint Corp.*, 107 P.3d 61, 71–72 (Or. Ct. App. 2005) (holding that an employer does not act "willfully" within the meaning of section 652.150(1) if its failure to pay rests on a "reasonable lack of knowledge that it had an obligation" or an "unintentional miscalculation").

## V.  Conclusion

The district court's orders granting partial summary judgment to May are affirmed in part. The judgment is nonetheless vacated and the case remanded to allow the district court to consider whether Plaintiffs preserved arguments based on their claim for minimum wages before April 2011 and for further proceedings if that claim was preserved. The district court's order on class certification and denying reconsideration of that order are affirmed. The district court's findings of fact and conclusions of law after the bench trial are affirmed.

**AFFIRMED in part, VACATED in part, and REMANDED**.  The parties

shall bear their own costs on appeal.

FILED

MAR 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:

While I concur in the court's decision with regard to Nance's claims involving the orientation program, time spent in sleeper berths during the entry-level driver program, the excess engine idling program, and the allegedly willful withholding of wages, I must respectfully dissent from its holding with regard to Nance's claim that May Trucking Co. ("May") paid entry level drivers less than a minimum wage for on-duty hours logged before April 2011.

I

There is no reason to "remand for the district court to consider in the first instance whether Nance and Freedman preserved arguments based on this claim in their district court briefing" because it clearly was not raised below. Maj. at 5. Nance's briefing to the district court with regard to the entry level driver program focused *solely* on payment for hours spent in sleeper berths. In his brief in opposition to May's motion for summary judgment, Nance mentioned that May had changed its payment policy, but he did not allege that May had failed to pay minimum wage for on-duty hours logged prior to the change. Because the claim was not "raised sufficiently for the trial court to rule on it," it has been waived, and we should not entertain it. *In re Mercury Interactive Corp. Securities Litigation,*

618 F.3d 988, 992 (9th Cir. 2010) (quoting *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992)).

II

For the foregoing reasons, I would affirm the judgement of the district court.